In the

# United States Court of Appeals
## For the Seventh Circuit

No. 02-1149

GARY L. VEACH,

*Plaintiff-Appellant*,

*v.*

CHARLES R. SHEEKS,

*Defendant-Appellee*.

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 00-C-1793—**David F. Hamilton**, *Judge*.

ARGUED SEPTEMBER 17, 2002—DECIDED JANUARY 13, 2003

Before COFFEY, EVANS, and WILLIAMS, *Circuit Judges*.

WILLIAMS, *Circuit Judge*. Gary Veach appeals from the district court's grant of judgment as a matter of law in favor of defendant Charles Sheeks. Veach alleged that Sheeks sent him bill collection letters that included court costs and attorney's fees, which misstated the amount of the debt Veach owed in violation of both the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, and Indiana's deception statute, IND. CODE 35-45-5-39(a)(2). We reverse the district court's grant of summary judgment in favor of Sheeks as to Veach's federal claim because court costs and attorney's fees are not a component of a "debt" under the FDCPA, affirm the state law claim decided in Sheeks's favor, and remand for further proceedings.

## I. BACKGROUND

Veach's girlfriend's son was behind in his payments on his car, which was in danger of repossession. As a favor, Veach mailed to CreditNet, the finance company, a check for $350 to help reduce the overdue balance on the car. When the car was repossessed anyway, Veach stopped payment on the check. CreditNet then sent Veach a written notice indicating that the check had been dishonored and demanding that Veach make full payment on the check or face a lawsuit for appropriate legal remedies, including three times the amount of the check, interest, attorney's fees and court costs. Since he was not a guarantor of the car loan, Veach did not feel he owed any money to CreditNet, and therefore was under no obligation to honor the check, so he ignored the notice and did not make any effort to reinstate payment on the check.

Faced with no response from Veach, CreditNet hired Sheeks to file suit against Veach on the dishonored check. Sheeks mailed Veach a notice of claim pursuant to the FDCPA, which also served as a summons and complaint for Indiana small claims court proceedings. In the small claims court proceeding, with CreditNet represented by Sheeks and Veach representing himself, the court found in CreditNet's favor, and issued judgment against Veach for $1,050, attorney's fees of $350, and court costs. A few days later, Veach received a mailing from the court informing him of the judgment, which he discarded.

As a result of Veach's non-payment of the small claims court judgment, his bank account was frozen, so he appealed the small claims court judgment to the Marion County Circuit Court. After the appeal was filed, CreditNet voluntarily moved to set aside the underlying small claims court judgment without prejudice. As a result of the appeal and the setting aside of the small claims court judgment against him, Veach never made any pay-

ments on the $350 check. Veach filed this FDCPA action against Sheeks in federal court, which proceeded to a jury trial. At the close of Veach's case, Sheeks moved for judgment as a matter as a law, which the district court granted.[1] Veach now appeals.

## II. ANALYSIS

We first note that what is *not* at issue here is whether or not Veach actually had an obligation to CreditNet for $350. What is at issue is whether Sheeks' mailing to Veach complied with the FDCPA. We review the district court's finding of judgment as a matter of law de novo, drawing all inferences in favor of Veach as the non-moving party. *See Mathur v. Bd. of Trustees of S. Ill. Univ.*, 207 F.3d 938, 941 (7th Cir. 2000).

### A. Fair Debt Collection Practices Act Claim

Veach sued Sheeks under the remedial portion of the FDCPA, 15 U.S.C. § 1692k, which allows him to recover actual damages, a penalty of up to $1,000, and attorney's fees for a violation of the FDCPA. Veach argues that Sheeks failed to comply with 15 U.S.C. § 1692g(a)(1), which requires a debt collector's notice of claim to specify the "amount of the debt." The notice of claim Sheeks sent Veach described the "amount of the claimed debt" as "Remaining principal balance $1,050.00; plus reasonable attorney fees

---

[1] The district court did deny Sheeks' motion for judgment as a matter of law regarding Veach's 15 U.S.C. § 1692i claim, based on Sheeks' filing his state court action in the incorrect county. This claim went to the jury, who found that Sheeks violated 15 U.S.C. § 1692i, but absolved him of liability pursuant to the *bona fide* error defense of 15 U.S.C. § 1692k(c). Veach does not appeal the jury's verdict.

as permitted by law, and costs if allowed by the court." Because the amount of attorney's fees and court costs due is not specified, Veach argues, there was not an "amount" stated for FDCPA purposes.

Sheeks claims that a "debt" is defined in the FDCPA as an "obligation or alleged obligation," and that his general reference to fees and costs is permissible according to Indiana law and the FDCPA, since those were monies which he would be allowed to collect had his court action been successful. Also, Sheeks points out that to specify an amount for fees and costs before they are finalized by a court could cause Veach to pay more than the amount actually imposed as a result of court proceedings. In addition, Veach says the $1,050 figure is appropriate because that amount is an "alleged obligation," incorporating the treble damages which Sheeks was allowed to pursue under Indiana Code 34-24-3-1.

We agree with Veach that Sheeks incorrectly stated the amount of the debt, but not because he specified indeterminate attorney's fees and court costs. Rather, by stating the amount of the debt as $1,050, Sheeks took it upon himself to hold Veach liable for legal penalties that had not yet been awarded, penalties that for FDCPA purposes should have been separated out from the amount of the debt.

When reviewing documents for compliance with the FDCPA, such as the letters sent to Veach by Sheeks, we use the "unsophisticated debtor" standard. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997). This assumes that the debtor is "uninformed, naive, or trusting," and that statements are not confusing or misleading unless a significant fraction of the population would be similarly misled. *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000).

In our earlier attempt to clarify the "amount of debt" provision of 15 U.S.C. § 1692g(a)(1), we described the following language as a safe harbor for debt collectors when the amount of the debt varies from day to day:

> As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800- [phone number].

*Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000). We suggested this language to prevent confusion by debtors for whom the "exact amount due" is a constantly shifting target due to accruing interest and accumulating unpaid charges. The reason for that variation, *i.e.*, "interest, late charges, and other charges," is explained in the sentence following the amount of the debt as of the letter's date. What is missing from that language is any mention of court costs, attorney's fees, or other penalties which may be imposed by statute. That is because the "amount of the debt" provision is designed to inform the debtor (who, remember, has a low level of sophistication) of what the *obligation* is, *not* what the final, worst-case scenario *could* be. The definition of a "debt" according to the FDCPA is of an "obligation or alleged obligation . . . *whether or not* such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). Since Veach cannot be held liable for treble damages, court costs, or attorney's fees *until* there has been a judgment by a court, they cannot be part of the "remaining principal balance" of a claimed debt. Therefore, Sheeks' notice misrepresented the actual debt

CreditNet claimed that it was owed by Veach, a misrepresentation that violated 15 U.S.C. § 1692e.

Sheeks claims that the language he used was not misleading because the notice of claim and small claims court summons specified that "the Defendant is indebted to the Plaintiff in the sum of $1,050 as treble damages for a bad check in the sum of $350.00, plus reasonably [sic] attorney fees as permitted by law." This argument is belied by the "unsophisticated debtor" standard which we use to review FDCPA documents. While the state court summons and notice of claim may have complied with the language of the FDCPA, the other notice of claim, which accompanied the state court summons and explicitly labeled "F.D.C.P.A." across the top, provides the misleading information as described above. When there are two different accounts of what a debtor actually owes the creditor, that one version is the correct description does not save the other, since under the unsophisticated debtor standard, "a letter may confuse even though it is not internally contradictory." *Johnson v. Revenue Mgmt. Corp.,* 169 F.3d 1057, 1060 (7th Cir. 1999).

We took the step once of providing "safe harbor" language in *Miller* so that creditors could craft a notice for claims that could pass muster under the FDCPA involving fluctuating balances that varied from day to day. We do not think that we need to revisit our earlier language, since we have no dispute as to the outstanding balance. Sheeks knew that Veach allegedly owed CreditNet $350; by assuming the outcome of future events in drafting his notice, Sheeks ran afoul of the FDCPA. We leave for another day the question of whether it was enough to implicate the remedial provisions of the FDCPA.

## B. Indiana Deception Claim

In addition to his FDCPA claim, Veach asserted that he was entitled to relief under Indiana Code 34-24-3-1, which

allows someone to bring a civil action for treble damages, costs, and attorney's fees if they suffer "a pecuniary loss" due to deception, defined in Indiana Code 35-43-5-3(a)(2) as "knowingly or intentionally makes a false or misleading written statement with intent to obtain property, employment, or an educational opportunity." The district court granted judgment as a matter of law because, finding the notice of claim proper, it could not find any intent to deceive using the notice and an inflated debt amount. While we agree that judgment in favor of Sheeks was proper as a matter of law as to this point, our finding is predicated on the fact that Veach cannot show that he suffered any pecuniary loss as a result of the notice. "Pecuniary loss" is considered "a loss of money, or of something by which money, or something of money value may be acquired." *American Leasing, Inc. v. Maple*, 406 N.E.2d 333, 335 (Ind. Ct. App. 1980). Since Veach represented himself in his small claims court proceedings, was represented by a public interest law firm in his appeal of that proceeding, and did not pay any of the judgment levied against him, he suffered losses of time and effort, but not money. While his checking account was frozen at some point because of his non-payment of the check, he has made no claim of financial loss as a result. Therefore, he cannot bring a claim under Indiana Code 34-24-3-1, and the district court's grant of judgment as a matter of law regarding this claim was proper.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of judgment as a matter of law in favor of Sheeks as to Veach's Indiana state law claim, REVERSE the district court's grant of judgment as a matter of law in favor of Sheeks as to his FDCPA claims, and REMAND the case to the district court for a new trial in a manner consistent with this opinion.

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*