# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 03-4108

JODI FIELDS,

*Plaintiff-Appellant,*

v.

WILBER LAW FIRM, P.C., a dissolved
corporation, and DONALD L. WILBER
and KENNETH WILBER, doing business
as WILBER LAW FIRM, P.C., a dissolved
corporation,

*Defendants-Appellees.*

———————

Appeal from the United States District Court
for the Central District of Illinois.
No. 03 C 1079—**Michael M. Mihm**, *Judge.*

———————

ARGUED MAY 27, 2004—DECIDED SEPTEMBER 2, 2004

———————

Before FLAUM, *Chief Judge*, and MANION and KANNE,
*Circuit Judges*.

KANNE, *Circuit Judge.* On March 16, 2002, Jodi Fields
incurred $122.06 in charges at Kruger Animal Hospital in
Bloomington, Illinois. Despite signing an agreement prom-
ising to pay the bill at a later time, Fields had not yet paid
any of the debt by November of 2002. Kruger hired the
Wilber Law Firm to collect the debt. On November 6, a dun-

ning letter, signed by Donald Wilber of the Wilber Law Firm (collectively "Wilber"), was sent to Fields; it stated that the "ACCOUNT BALANCE" was $388.54. The account balance reflected the original $122.06, plus interest and service charges assessed pursuant to the contract signed by Fields, plus $250 in attorneys' fees for the collection of the debt by Wilber. Three more letters followed, each letter including a slightly higher "ACCOUNT BALANCE" to reflect the accumulation of interest. The subsequent letters were sent on December 11, 2002 ($391.34), December 27, 2002 ($392.30), and February 7, 2003 ($395.30). No additional attorneys' fees were sought in the later letters.

Wilber included the $250 in fees pursuant to a clause in the contract that stated: "I understand that if collection action should become necessary for recovery of any monies due under this contract, I agree to pay any and all collection costs and attorney fees." The collection letters did not itemize the expenses or explain the amount of the debt in any way.

On March 25, 2003, Fields filed an action in federal court, alleging that Wilber violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"). Specifically, Fields asserted that the collection letters failed to accurately state the amount of the debt under § 1692g(a)(1), were misleading under § 1692e, and unfairly attempted to collect unauthorized fees under § 1692f(1). The district court dismissed Fields's FDCPA claims for failure to state a claim and held that $250 in attorneys' fees was reasonable as a matter of law. For the reasons that follow, we affirm in part and reverse in part.

## I. Analysis

We review the district court's decision to dismiss Fields's claims de novo, "accepting the well-pleaded allegations in the complaint as true and drawing all reasonable inferences

in favor of the plaintiff." *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000).

In deciding whether the collection letters violate the FDCPA, we examine them from the standpoint of an unsophisticated consumer. *See Veach v. Sheeks*, 316 F.3d 690, 692 (7th Cir. 2003); *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997). "This assumes that the debtor is uninformed, naive, or trusting[.]" *Veach*, 316 F.3d at 693 (internal quotations omitted). However, an unsophisticated consumer possesses "rudimentary knowledge about the financial world" and is "capable of making basic logical deductions and inferences." *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000).

## A.   The Amount of the Debt under 15 U.S.C. § 1692g(a)

Under the FDCPA, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice containing—(1) the amount of the debt[.]" 15 U.S.C. § 1692g(a). Fields first contends that Wilber, by unilaterally determining $250 to be the amount of attorneys' fees charged, misstated the actual amount of the debt. Fields does not deny that she owes some reasonable attorneys' fees under the contract. But barring a stipulation to a specific liquidated amount in the original debtor-creditor contract, Fields proposes debt collectors should be required to seek court approval for a specific amount of attorneys' fees before including them in the account balance.

Essentially, Fields asks us to endorse an approach that would require every debt collector under the FDCPA to go to court every time it sought to enforce a provision in a payment agreement signed by the debtor that allows reimbursement of attorneys' fees and collection costs. Plainly stated, the statute does not require such an extraordinary result.

Nor, contrary to Fields's protestations, does our case law. In *Veach*, an individual (Veach) who had no contractual relationship with the creditor attempted to prevent the repossession of his debtor-friend's automobile by sending a check for $350 to the creditor. 316 F.3d at 691. The creditor repossessed the auto despite this payment, and Veach responded by stopping payment on the check. *Id.* The creditor responded to Veach's action by hiring an attorney to file suit. The attorney sent Veach a written notice that listed the remaining principal balance as $1050 (reflecting treble damages under an Indiana statute), "plus reasonable attorney fees as permitted by law, and costs if allowed by the court." *Id.* at 692.

We held that the attorney violated § 1692g(a)(1) by stating the amount of the debt as an estimate of future potential liability in a court action rather than as a statement of the current amount of the debt. *Id.* at 692-93. The debt collector "took it upon himself to hold Veach liable for [statutory] penalties that had not yet been awarded, penalties that for FDCPA purposes should have been separated from the amount of the debt." *Id.* at 692. "[T]he 'amount of the debt' provision is designed to inform the debtor (who, remember, has a low level of sophistication) of what the *obligation* is, *not* what the final, worst-case scenario *could* be." *Id.* at 693 (emphasis in original).

The case before us today differs significantly from *Veach*. Here, based on a written, signed contract, Wilber attempted to collect an undisputed debt amount, an undisputed amount in interest, and an amount in attorneys' fees (incurred in the initiation of Wilber's collection attempts), disputed for its reasonableness only. Some attorneys' fees have already been incurred in this case and are contractually owed to Kruger, the hospital that provided unpaid veterinary services to Fields. Whereas in *Veach,* the attorneys' fees (along with the treble damages and court costs also included in the dunning letter) could only be determined in litigation pursuant to a state statute.

To collect attorneys' fees from Fields, Wilber necessarily had to specify an amount that it intended to charge (or had already charged) for its services. Fields, of course, could negotiate this payment or contest the reasonableness of the fees through a lawsuit. But when a debtor has contractually agreed to pay attorneys' fees and collection costs, a debt collector may, without a court's permission, state those fees and costs and include that amount in the dunning letter. Doing so does not violate the FDCPA. Indeed, refusing to quantify an amount that the debt collector is trying to collect could be construed as falsely stating the amount of debt. *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.*, 214 F.3d 872, 875-76 (7th Cir. 2000) (letter required the consumer to call a toll-free number to determine the full amount of the debt). The district court correctly determined that no claim for relief was stated under 15 U.S.C. § 1692g(a).

### B.  15 U.S.C. § 1692e and 15 U.S.C. § 1692f

Even if attorneys' fees are authorized by contract, as in this case, and even if the fees are reasonable, debt collectors must still clearly and fairly communicate information about the amount of the debt to debtors. This includes how the total amount due was determined if the demand for payment includes add-on expenses like attorneys' fees or collection costs.

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. As an example of such conduct, § 1692e(2)(A) states that it is a violation to falsely represent "the character, amount, or legal status of any debt[.]" Section 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

We conclude that Fields has made allegations sufficient to state a claim under § 1692e and § 1692f and a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) was inappropriate because the letters could conceivably mislead an unsophisticated consumer.

In the original dunning letter, Wilber listed an account balance that exceeded the principal obligation by $266.48. Wilber's fees were more than double the original obligation, $122.06. Nowhere did Wilber explain that it was seeking attorneys' fees of $250. Fields received the initial dunning letter almost eight months after she incurred the charges at the veterinary hospital.

An unsophisticated consumer could reasonably wonder why her bill was now $388.54, even assuming she had saved the original contract that specified she could be charged for attorneys' fees. It would be difficult for such a consumer to understand how a relatively modest fee for services rendered had tripled in size. *Cf. Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999) ("Unsophisticated readers may require more explanation than do federal judges; what seems pellucid to a judge, a legally sophisticated reader, may be opaque to someone whose formal education ended after sixth grade.").

Or, an unsophisticated consumer may have lost the bill and forgotten the amount of the debt completely. In this circumstance, the debtor (or the debtor's spouse, or someone else paying bills for the debtor) might logically assume that she simply incurred nearly $400 in charges. By leaving the door open for this assumption to be made, Wilber's letter was misleading because it gave a false impression of the character of the debt. It is unfair to consumers under the FDCPA to hide the true character of the debt, thereby impairing their ability to knowledgeably assess the validity of the debt. One simple way to comply with § 1692e and § 1692f in this regard would be to itemize the various charges that comprise the total amount of the debt.

The district court agreed that the dunning letter in this case was facially misleading. But we are forced to disagree with the district court's determination that the letters' misleading nature was irrelevant as a matter of law because Fields could reference the contract from Kruger Animal Hospital or because she could telephone Wilber and ask for an explanation.

As we noted above, even if she saved her contract from nearly eight months earlier, the unsophisticated consumer would not necessarily understand that Wilber was seeking $250 in attorneys' fees, an amount allowed, but not specified, by the contract. Furthermore, in *Miller*, 214 F.3d at 875-76, we rejected the proposition that a debt collector could provide incomplete information in a dunning letter so long as it provided a telephone number for the debtor to call. "It is notorious that trying to get through to an 800 number is often a vexing and protracted undertaking, and anyway, unless the number is recorded, to authorize debt collectors to comply orally would be an invitation to just the sort of fraudulent and coercive tactics in debt collection that the Act aimed (rightly or wrongly) to put an end to." *Miller*, 214 F.3d at 875. Wilber did not satisfy all of its FDCPA obligations by including a telephone number on the dunning letter.

## II.  Conclusion

For the foregoing reasons, we AFFIRM the district court's determination that Fields did not state a claim for relief under 15 U.S.C. § 1692g(a). We REVERSE the district court's dismissal of Fields's remaining claims under 15 U.S.C. §§ 1692e and 1692f, and REMAND for proceedings consistent with this opinion.

**A true Copy:**

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*