GEORGE G. STEEH, District Judge,
dissenting.
I respectfully dissent.
The underlying facts in this case are straightforward. Appellee Sherry Gionis was sued in an Ohio state court for a credit card debt owing to Direct Merchant’s Credit Card Bank (DMCCB). Gionis signed an agreement, at the time she took on the credit card, that the applicable law would be that of Arizona.[1] An affidavit filed by the appellant-attorneys to collect the unpaid debt included language that DMCCB “is entitled to recover, to the extent permitted by applicable law, its reasonable attorney’s fees and costs incurred in any action to enforce its rights under the agreement.” As noted by the majority, the case was promptly settled, and DMCCB never sought any attorney’s fees.
Given the particular facts of this case, it unreasonably stretches the statutory language to conclude that the action complained of in this lawsuit violated the Fair Debt Collection Practices Act.[2] As my colleagues concede, “[i]n a strict sense, nei *31 ther § 1692e(5) nor § 1692e(10) has been violated here.” Nowhere did the complaint or affidavit affirmatively state that attorney’s fees would be sought. Furthermore, there is no record that appellee felt undue pressure resulting from the statement in the affidavit, or that there was any prior contact between appellee and appellant which might support an inference that the law firm threatened the collection of its fees from the perspective of “the least sophisticated consumer.”
I cannot agree that any authority cited by appellee lends significant support to her position. There is no precedent supporting appellee’s argument that a complaint which itself did not make claim to attorney’s fees, appending an attachment which did not state an affirmative intention to collect attorney fees, may nonetheless be found to have violated § 1692e(5) or (10). For instance, in the case of Veach v. Sheeks, 316 F.3d 690 (7th Cir.2003), relied on in part by appellee, the Seventh Circuit’s ruling actually reverses the lower court’s entry of summary judgment for the defendant on the FDCPA claim because the defendant debt collector, in addition to claiming that the debt owed included attorney fees, had represented the amount of the debt to be three times the actual debt, i.e. applying treble damages, where such an award may only be made by court order. Furthermore, the mention of attorney’s fees was an affirmative statement in the complaint itself that such fees were owed,[3] rather than a mere recitation of text from a cardholder agreement in an affidavit. See id. at 693. Veach is so factually distinguishable from the instant case that the opinion lends no assistance in this decision.
In the recent, unpublished case of Barany-Snyder v. Weiner, No. 06-2111, 2007 WL 210411 (N.D. Ohio Jan. 24, 2007) (unpublished), in which attorneys for the Baldwin Wallace College were sued for allegedly improper collection of unpaid school debt, the district court held that “[mjerely attaching an agreement which includes an attorneys’ fee provision to a complaint and a brief does not constitute a threat to exercise that provision.”[4] This holding followed its discussion of the elements required for a claim under § 1692e(5): “(1) a threat to take legal action and (2) the inability to take that action lawfully.” Id. at *7, citing Wright v. Asset Acceptance Corp., No. C-3-97, 375, 2000 WL 33216031, *1 n. 7, 1999 U.S. Dist. LEXIS 20675, *5 n. 7 (S.D.Ohio Jan. 3, 2000). I agree with the decision rendered by Judge Gaughan in that case, and I cannot find a meaningful distinction between attaching a two page “revolving agreement” that was the subject of the lawsuit in the Barany-Snyder[5] case and quoting a provision of the cardholder agreement in the instant case.[6] Here, *32 even if appellant could not lawfully seek attorney’s fees in Ohio, there is no threat to do so stated or implied in the complaint or affidavit.
Although Judge Gaughan in Barany-Snyder distinguished the district court’s decision in Gionis, pointing out that the language complained of in the Gionis case was contained in an affidavit, rather than a copy of the cardholder agreement, I find her reasoning equally applicable to this matter, and cannot find that under the facts of this case, even the “least sophisticated consumer” would conclude that defendant threatened to take illegal or unintended action, or b) that defendant used a false representation or deceptive means to collect or attempt to collect a debt. I would reverse the district court’s grant of summary judgment.

. Although, it appears that appellant waived its argument that the case may be disposed of on the basis that Arizona law — which allows the collection of attorney’s fees in connection with consumer debt — governed Ms. Gionis' contract with DMCCB, the fact remains that the cardholder agreement is in the record and there is no dispute that it contains the Arizona choice of law provision.

. This action certainly does not fall within the scope of practices the FDCPA was designed to curb, such as abusive phone calls, false and deceptive debt collection letters, and other patently unfair antics described in the statute’s legislative history. See Lewis v. ACB Business Services, Inc., 135 F.3d 389, 398 (6th Cir.1998). In fact, the careful placement of the reference to attorney fees in the affidavit, rather than the complaint, and the fact that plaintiff made no affirmative representation that it was entitled to attorney fees, indicates *31 an attempt on the part of the plaintiff to comply with the FDCPA.

. "[T]he Defendant is indebted to the Plaintiff in the sum of $ 1,050 as treble damages for a bad check in the sum of $ 350.00, plus reasonably [sic] attorney fees as permitted by law.” Id. at 693.

. Discussing, in part, the holding of the court below in the instant case. See Gionis v. Javitch, Block & Rathbone, 405 F.Supp.2d 856, 866 (S.D.Ohio 2005).

. Notably, the two page “revolving agreement” did not contain, as the cardholder agreement in the instant case did, a choice of law provision indicating applicable law of any state other than Ohio.

. In fact, the two page "revolving agreement” contained language that was arguably more “threatening”:
I/We understand that upon default of any, or all of the terms and conditions of this credit agreement and upon proper service of a NOTICE OF DEFAULT by the College, *32 all signers immediately become, at the option of the college, liable for attorney fees and/or actual or reasonable collection costs which may be added to the total amount due.