**Kendra MCDOWALL, on behalf of herself and all others similarly situated, Plaintiff,**

v.

**LESCHACK & GRODENSKY, P.C., and Steven Grodensky, Defendant.**

**No. 03 CV 1448(RLC).**

United States District Court, S.D. New York.

Aug. 13, 2003.

Brian L. Bromberg, P.C., New York City, Brian L. Bromberg, Lance A. Raphael, Stacy M. Bardo, of counsel, for Plaintiff.

Lester, Schwab, Katz & Dwyer, L.L.P., New York City, Steven Getzoff, of counsel, for Defendants.

## OPINION

ROBERT L. CARTER, District Judge.

Plaintiff Kendra McDowall commenced this putative class action against defendants Leschack & Grodensky, P.C. and Steven Grodensky, alleging violations of 15 U.S.C. §§ 1692e, 1692f, and 1692g of the Fair Debt Collection Practices Act ("FDCPA"). Defendants now move to dismiss, pursuant to Rule 12(b)(6), F.R. Civ. P.

## BACKGROUND

On December 11, 2002, defendants sent a letter to plaintiff demanding payment of a credit card debt. The letter stated, in relevant part:

Re:  First North American National Bank
and   Kendra T. McDowall
     File Number    : 02–01268–0
     Account Number : 1727204102455704
     Balance Due    : $2,942.27 plus
interest and attorney's fees *
     **DEMAND FOR PAYMENT**

We are writing to you regarding your unpaid credit card account on behalf of First North American National Bank.
On their behalf, we hereby demand payment in full of the balance due of $2,942.27 plus interest. * Please be advised that pursuant to your credit card agreement, you agreed, to the extent permitted by law, to pay all reasonable attorney's fees.

(Compl. Ex A.)

Plaintiff claims that this letter falsely represented the amount of her debt by demanding unspecified interest and attorney's fees, in violation of § 1692e of the FDCPA, that it was unfair or unconscionable in violation of § 1692f, and that it

constituted inadequate notice of the amount of the debt, in violation of § 1692g.

## DISCUSSION

### I. 12(b)(6) Standard

The court is to grant a motion to dismiss for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of her complaint which would entitle her to relief. *King v. Simpson*, 189 F.3d 284, 286 (2d Cir.1999). The court must confine its consideration to "the facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 217 F.Supp.2d 336, 338 (E.D.N.Y.2002) (quoting *Leonard F. v. Israel Discount Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir.1999)).

### II. FDCPA Claims

The purpose of the FDCPA is to protect consumers from abusive, harassing, threatening, misleading and otherwise unscrupulous debt collection practices. *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir.1996). Toward this end, the Act requires that when a debt collector solicits payments from a consumer, it must provide a written validation notice stating, among other things, the amount of the debt. 15 U.S.C. § 1692g. Section 1692e prohibits the "false representation of . . . the character, amount, or legal status of any debt," and § 1692f is a general prohibition of the use of "unfair or unconscionable means to collect or attempt to collect any debt." In determining whether the FDCPA has been violated, the Second Circuit uses an objective standard, measured by how the "least sophisticated consumer" would interpret the debt collector's notice. *McStay v. I.C. System, Inc.*, 174 F.Supp.2d 42, 45 (S.D.N.Y.2001) (Carter, J.) (citing *Russell*, 74 F.3d at 34; *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993)).

Defendants argue that the Act did not require them to include a calculation of interest, which changes daily, in the statement of the balance owed, or an amount of attorney's fees, which was "logically impossible" to determine at the time they wrote the letter. (Defs.' Mem. at 6.) The issue of whether a debt collector falsely represents the amount of a debt when the stated balance includes an indeterminate amount of interest and/or attorney's fees is one of first impression in this Circuit,[1] though these questions have been addressed in two recent Seventh Circuit cases.

In *Miller v. McCalla, Raymer, Cobb, Nichols & Clark*, 214 F.3d 872 (7th Cir. 2000), the court addressed the question of whether a debt collector demanding payment of interest need specify the amount of interest owed. The court held that the collector must disclose the dollar amount of the debt, including the interest, as of the date of the letter. Judge Posner, who authored the opinion, reasoned that "[t]he unpaid principal balance is not the debt; it is only a part of the debt; the Act requires statement of the debt." *Id.* at 875. The court rejected the defendant's "excuse that it was 'impossible' for the defendants to comply [because] . . . the amount of the debt changes daily." *Id.*

Judge Posner's opinion adheres to the letter and the spirit of the FDCPA. The purpose of the Act is to require debt

---

**1.** In *Hillaire v. Delta Funding Corp.*, 98–7188, 2002 WL 31123860, at *14 n. 2 (E.D.N.Y. Sept.26, 2002), the issue of unspecified attorney's fees was raised, but the court declined to reach the issue for procedural reasons. Defendants point to several other cases in this Circuit in support of their arguments; however, none of these cases are on point.

collectors to make clear certain information, including the amount owed by the debtor. By leaving an indeterminate amount of interest in the balance due, a collection letter leaves the least sophisticated consumer unsure of the magnitude of the debt. Accordingly, plaintiff states a claim under 15 U.S.C. §§ 1692e, 1692f, and 1692g with regard to defendants' failure to specify the amount of interest owed in the letter.

The Seventh Circuit also addressed the issue of whether including an undetermined amount of attorney's fees in the statement of a debt is a violation of the FDCPA. In *Veach v. Sheeks*, 316 F.3d 690 (7th Cir.2003), the court held that defendant violated the Act, not because the amount of attorney's fees was not specified, but because attorney's fees were included in the balance at all. Attorney's fees, the court reasoned, could not be a component of the "remaining principal balance" of a debt because a debtor cannot be liable for these fees until there has been a judgment by a court. *Id.* at 693 (the "amount of the debt" provision of the Act is "designed to inform the debtor . . . of what the *obligation* is, *not* what the final, worst-case scenario *could* be") (emphasis in original).

Again, the court believes that the Seventh Circuit's interpretation of the FDCPA is sound. Indeed, defendants do not question the result of *Veach*. Rather, they argue that the letter they sent did not demand attorney's fees but "merely referenced the contents of an agreement entered into by plaintiff to pay 'reasonable attorney's fees.' " The plain writing of the letter belies this argument. Attorney's fees were listed as part of the "balance

due" portion of the statement. Though there was an asterisk and a corresponding explanation offered in the letter, this explanation did not clarify that plaintiff did not owe attorney's fees at that time. Thus, at the very least, the letter was confusing to the least sophisticated consumer, and violated the Act.

■ Defendants argue that even if they violated the Act, they are still entitled to dismissal pursuant to 15 U.S.C. § 1692k(c) on the ground of bona fide error.[2] The court rejects this argument. Even if § 1692k(c) applied to errors of law, which it does not, *see Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 27 (2d Cir. 1989), this section would provide a defense to plaintiff's claim, not a basis upon which to dismiss under Rule 12(b)(6). *See id.*

In all, defendants' letter could confuse the least sophisticated consumer by not stating a sum certain that is owed as of a particular date. Even worse, it could unlawfully scare the consumer by making her believe she owes a sum well beyond what is actually owed.

## CONCLUSION

Plaintiff states a claim under the FDCPA. Defendant's 12(b)(6) motion is DENIED.

**IT IS SO ORDERED.**

---

**2.** This section states: "A debt collector may not be held liable . . . if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."