Sherry GIONIS, Plaintiff,

v.

**JAVITCH, BLOCK & RATHBONE,**
Defendant.

**No. 2:04 CV 1119.**

United States District Court,
S.D. Ohio,
Eastern Division.

Nov. 30, 2005.

Opinion Denying Reconsideration and Granting Certification of Interlocutory Appeal Dec. 14, 2005.

Stephen R. Felson, Cincinnati, OH, Steven Charles Shane, Bellevue, KY, for Plaintiff.

Michael D. Slodov, Javitch Block & Rathbone LLP, Cleveland, OH, for Defendant.

### *MEMORANDUM OPINION & ORDER*

HOLSCHUH, Senior District Judge.

Plaintiff Sherry Gionis filed suit against the law firm of Javitch, Block & Rathbone ("Javitch"), on behalf of herself and others similarly situated, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Revised Code § 1345.01, *et seq.* This matter is currently before the Court on four pending motions: (1) Defendant's motion to dismiss or, in the alternative, motion for summary judgment (Record at 4); (2) Plaintiff's motion for extension of time to file her motion for class certification (Record at 18); (3) Defendant's motion for leave to file a supplemental memorandum in support of its immunity defense (Record at 22); and (4) Plaintiff's motion for partial summary judgment on the issue of liability (Record at 29).

### I. Background and Procedural History

The relevant facts of this case are undisputed. Plaintiff entered into a credit card agreement with Direct Merchants Credit Card Bank ("Direct Merchants"). When she became delinquent in her payments, Direct Merchants filed suit against her in the County Court of Belmont County, Ohio. Direct Merchants was represented in that action by Defendant law firm, Javitch.

The suit, filed on November 24, 2003, alleged that Plaintiff owed Direct Merchants $2,040.98. The prayer for relief sought "$2,040.98 with interest at the rate of 10.00% per annum from date of judgment, and costs of the within action." (Stip. of Facts ¶ 3; Ex. A to Stip. of Facts). Defendant attached to the complaint an "Affidavit of Indebtedness & Debt & Non–Military & Contract" signed by Erica Vick, an agent of Direct Merchants. (Stip. of Facts ¶ 5; Ex. B to Stip. of Facts). Paragraph 4 of Vick's affidavit reads as follows:

> In the ordinary course of business DIRECT MERCHANTS CREDIT CARD BANK maintains or has access to copies of revolving credit agreements/credit card applications entered into between DIRECT MERCHANTS CREDIT CARD BANK and its customers enabling such customers to open revolving credit accounts with DIRECT MERCHANTS CREDIT CARD BANK. The agreement specifically provides that DIRECT MERCHANTS CREDIT CARD BANK is entitled to recover, to the extent permitted by applicable law, its reasonable attorney's fees and costs incurred in any action to enforce its rights under the agreement.

Vick Aff. ¶ 4.[1]

The Belmont County suit was quickly settled and Direct Merchants dismissed all remaining claims against Ms. Gionis without prejudice. However, on November 23, 2004, Plaintiff filed a class action suit against Javitch, asserting violations of the FDCPA and the OCSPA. The basis for her complaint is as follows. In Ohio, attorney fees are not recoverable in connection with any claim involving consumer debt. *See* Ohio Revised Code § 1301.21. Plaintiff concedes that Defendant did not seek, or

---

1. The cardmember agreement reads as follows: "Upon default, we have the right to terminate or suspend your credit privileges under this Agreement ... and to sue you for what you owe. You will pay our court costs, reasonable attorney fees and other collection costs related to the default to the extent permitted by applicable law." (Connolly Decl. ¶ 3; Ex. 1 to Connolly Decl.).

recover, attorney fees in connection with the Belmont County suit. She nevertheless contends that Defendant engaged in deceptive, unfair and unconscionable debt collection activities when it attached to that complaint Vick's affidavit, reciting that, pursuant to the cardmember agreement, Direct Merchants was entitled to recover, to the extent permitted by applicable law, its reasonable attorney fees.

The proposed class consists of all persons against whom Defendant filed an Ohio civil consumer collection action since November 23, 2003, where an attached affidavit asserted that the creditor was entitled to attorney fees. (Compl. at ¶ 11). Plaintiff seeks statutory damages, attorney fees and costs, a declaration that Defendant's conduct is unlawful, and an injunction barring Defendant from engaging in further unlawful conduct.

Defendant filed a motion to dismiss or, in the alternative, motion for summary judgment. Pursuant to Fed.R.Civ.P. 56(f), Plaintiff sought and was granted leave to engage in limited discovery prior to responding to Defendant's motion, which the Court agreed to treat as a motion for summary judgment. That motion is now fully briefed. In connection with the pending motion, the parties have submitted a Stipulation of Facts. After Defendant's motion was fully briefed, Plaintiff also filed a motion for partial summary judgment on the issue of liability.

## II. Defendant's Motion for Leave to File Supplemental Memorandum in Support of Immunity Defense *Instanter*

As an initial matter, the Court grants Defendant's unopposed motion for leave to file a supplemental memorandum in support of its immunity defense *instanter*.

## III. Cross Motions for Summary Judgment

### A. Standard for Granting Summary Judgment

Although summary judgment should be cautiously invoked, it is an integral part of the Federal Rules, which are designed "to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 1). The standard for summary judgment is found in Federal Rule of Civil Procedure 56(c):

> [Summary judgment] ... shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment will be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is ... [and where] no genuine issue remains for trial, ... [for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." *Poller v. Columbia Broadcasting Sys.,* 368 U.S. 464, 467, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962) (quoting *Sartor v. Arkansas Natural Gas Corp.,* 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 967 (1944)). *See also Lansing Dairy, Inc. v. Espy,* 39 F.3d 1339, 1347 (6th Cir.1994).

Moreover, the purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. *Lashlee v. Sumner,* 570 F.2d 107, 111 (6th Cir.1978). The court's duty is to determine only whether sufficient evidence has been presented to make the issue of fact a proper question for the jury; it does not weigh the evidence, judge

the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Weaver v. Shadoan,* 340 F.3d 398, 405 (6th Cir. 2003).

In a motion for summary judgment, the moving party bears the initial burden of showing that no genuine issue as to any material fact exists and that it is entitled to a judgment as a matter of law. *Leary v. Daeschner,* 349 F.3d 888, 897 (6th Cir. 2003). All the evidence and facts, as well as inferences to be drawn from the underlying facts, must be considered in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Wade v. Knoxville Util. Bd.,* 259 F.3d 452, 460 (6th Cir.2001). Additionally, any "unexplained gaps" in materials submitted by the moving party, if pertinent to material issues of fact, justify denial of a motion for summary judgment. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157–60, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson,* 477 U.S. at 247–48, 106 S.Ct. 2505 (emphasis in original). A "material" fact is one that "would have [the] effect of establishing or refuting one of [the] essential elements of a cause of action or defense asserted by the parties, and would necessarily affect [the] application of [an] appropriate principle of law to the rights and obligations of the parties." *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984). *See also Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. An issue of material fact is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmov-

ing party." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. *See also Leary,* 349 F.3d at 897.

If the moving party meets its burden, and adequate time for discovery has been provided, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. The nonmoving party must demonstrate that "there is a genuine issue for trial," and "cannot rest on her pleadings." *Hall v. Tollett,* 128 F.3d 418, 422 (6th Cir.1997).

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e).

The existence of a mere scintilla of evidence in support of the opposing party's position is insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505. The nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Companies, Inc.,* 8 F.3d 335, 340 (6th Cir.1993). The court may, however, enter summary judgment if it concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the presented evidence. *Anderson,* 477 U.S. at 251–52, 106 S.Ct.

2505; *Lansing Dairy, Inc.*, 39 F.3d at 1347.

The standard of review for cross-motions of summary judgment does not differ from the standard applied when a motion is filed by only one party to the litigation. *Taft Broad. Co. v. U.S.*, 929 F.2d 240, 248 (6th Cir.1991). "The fact that both parties have moved for summary judgment does not mean that the court must grant judgment as a matter of law for one side or the other; summary judgment in favor of either party is not proper if disputes remain as to material facts. Rather, the court must evaluate each party's motion on its own merits." *Id.* (citations omitted).

### B. Discussion

In Ohio, creditors are not permitted to recover attorney fees incurred in connection with debt collection suits involving "personal, family or household" debt. *See* Ohio Revised Code § 1301.21. The parties have stipulated that Plaintiff's credit card debt falls within this definition. (Stip. of Facts ¶ 4). It is undisputed that, in the state court action filed by Defendant on behalf of Direct Merchants, the complaint did not include a claim for attorney fees in its prayer for relief. Direct Merchants sought $2,040.98, the exact balance due on Plaintiff's credit card account, plus interest and costs. However, Defendant attached to the state court complaint Erica Vick's affidavit which stated that, pursuant to the terms of the cardmember agreement, Direct Merchants was entitled to recover reasonable attorney fees "to the extent permitted by applicable law." The question in this case is whether Defendant violated either the FDCPA or the OCSPA by attaching the affidavit containing that statement to the complaint.

### 1. FDCPA

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).[2] Debt collectors who violate its provisions are liable for consequential damages, plus up to $1,000 in additional damages, the costs of the action, and reasonable attorney's fees. In a class action, plaintiffs may also recover $500,000 or 1 percent of the debt collector's net worth, whichever is less. *See* 15 U.S.C. § 1692k(a).

Plaintiff alleges that Defendant engaged in deceptive, unfair, and unconscionable debt collection practices in violation of several provisions of the FDCPA when Defendant attached Vick's affidavit to the complaint. Specifically, Plaintiff alleges that Defendant violated the FDCPA by:

(1) falsely representing the character, amount or legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A);

(2) falsely representing the services rendered or compensation which may be lawfully received in connection with the collection of the debt in violation of 15 U.S.C. § 1692e(2)(B);

(3) threatening to take action that cannot be legally taken in violation of 15 U.S.C. § 1692e(5);

(4) attempting to collect an amount in excess of what is lawfully owed in violation of 15 U.S.C. § 1692f(1); and

(5) generally utilizing false and deceptive means to collect or to attempt to

---

**2.** The parties have stipulated that Defendant is a law firm that "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." (Stip. of Facts ¶ 2). Defendant therefore qualifies as a "debt collector" subject to liability under the FDCPA. *See* 15 U.S.C. § 1692a(6).

collect a debt in violation of 15 U.S.C. § 1692e(10).

Compl. ¶ 10. Plaintiff later filed a notice that she also intends to rely on 15 U.S.C. § 1692d as a basis for her action. (Record at 14). That subsection prohibits debt collectors from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

Plaintiff has moved for summary judgment on the issue of liability. Defendant, however, urges the Court to grant summary judgment in its favor on all of the FDCPA claims. Defendant argues that: (a) it is not responsible for the alleged violations; (b) it is immune from suit; and (c) the conduct alleged does not violate the FDCPA. The Court will discuss each of these in turn.

### a. Defendant's Responsibility for Alleged Violation

Defendant first argues that it cannot be held responsible for the allegedly offending statement contained in Vick's affidavit. It notes that the affidavit was drafted and executed by its client, Direct Merchants, whose conduct is not subject to liability under the FDCPA because Direct Merchants is not a "debt collector." Defendant further argues that it cannot be held "vicariously liable" for statements made in that affidavit. However, as Plaintiff notes, she is not seeking to hold Defendant vicariously liable for the conduct of its client. Instead, she is seeking to hold Defendant liable for its own conduct. She alleges that Defendant violated the FDCPA by attaching the affidavit to the complaint it drafted and filed in state court.

Defendant cannot escape liability under the FDCPA by blaming its client for the contents of the affidavit. When Defendant attached a copy of the affidavit to the complaint, the affidavit became part of the complaint. *See* Ohio R. Civ. P. 10(C)("[a] copy of any written instrument attached to a pleading is a part of the pleadings for all purposes"); Fed.R.Civ.P. 10(c)("[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). If the contents of that affidavit, read in conjunction with the complaint itself, violate the provisions of the FDCPA, Defendant may be held legally responsible.

### b. Immunity

Defendant also claims that it is immune from liability on several grounds. First, Defendant claims that, pursuant to the First Amendment to the United States Constitution, "lawyers and their clients who participate in judicial proceedings are entitled to absolute immunity from suit for their statements which are reasonably related to and made in the course of those proceedings." (Mot. to Dismiss at 9). Second, Defendant contends that because Vick's affidavit was made under oath, and that affidavit was filed in connection with a judicial proceeding, Defendant is entitled to common law witness immunity.

These same arguments have been repeatedly rejected by my colleagues on this Court in connection with FDCPA suits. *See Hartman v. Asset Acceptance Corp.,* No. 1:03–cv–113, 2004 U.S. Dist. LEXIS 24845 (S.D.Ohio Sept. 29, 2004)(rejecting claims of absolute witness immunity and litigation privilege); *Blevins v. Hudson & Keyse, Inc.,* 395 F.Supp.2d 655 (S.D.Ohio 2004)(same); *Delawder v. Platinum Fin. Servs. Corp.,* No. 1:04–cv–680 (S.D. Ohio April 29, 2005)(Record at 22; Supp. Authority submitted by Defendant) (same)[3];

---

**3.** Defendants have appealed the decision in the *Delawder* case; that appeal is still pending.

*Kelly v. Great Seneca Fin. Corp.*, No. 1:04–cv–615 (S.D. Ohio June 16, 2005)(same); *Todd v. Weltman, Weinberg & Reis Co., LPA*, 348 F.Supp.2d 903 (S.D.Ohio 2004)(rejecting claim of witness immunity in connection with FDCPA suit). In each of those cases, my colleagues discussed at length their reasons for rejecting the claims of immunity, and it would be pointless for me to repeat what they have already stated so eloquently. Suffice it to say that I agree with the reasoning expressed in those opinions and find no merit to Defendant's claims of immunity.[4] The Court now turns to the merits of Plaintiff's alleged violations of the FDCPA.

### c. Merits of the Alleged Violations

■ The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The question in this case is whether Defendant engaged in deceptive or misleading debt collection practices by attaching Vick's affidavit to the complaint.

■ The parties agree that in determining whether a debt collection practice is deceptive or misleading, that practice "must be viewed objectively from the standpoint of the 'least sophisticated consumer.' " *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir.1997). *See also Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 400 (6th Cir.1998). This standard "protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993). However, it also presumes that the consumer possesses "a rudimentary amount of information about the world" and is willing "to read a collec-

tion notice with some care." *Id.* at 1319. As the Second Circuit noted in *Clomon*, this standard serves the dual purpose of protecting all consumers, including "the naive and the trusting," from deceptive debt collection practices, and protecting debt collectors "against liability for bizarre or idiosyncratic interpretations of collection notices." *Id.* at 1320.

As noted earlier, creditors, in Ohio, are not permitted to recover attorney fees in connection with debt collection actions involving personal, family, or household debt. Plaintiff concedes that the complaint Defendant filed against her in state court does not mention attorney fees. On its face, it prays only for damages "in the amount of $2,040.98 with interest . . . and costs of the within action." Plaintiff also admits that $2,040.98 is the exact balance she owed to Direct Merchants on her credit card account; therefore, it is impossible that the amount of the debt was padded to include hidden attorney fees. The affidavit attached to the complaint, however, states that the cardmember agreement provides that Direct Merchants "is entitled to recover, to the extent permitted by applicable law, its reasonable attorney's fees." Plaintiff argues that, after reading the complaint in conjunction with the affidavit, the "least sophisticated consumer" would be confused about whether she might be held liable for Direct Merchant's attorney fees in addition to the other relief sought.

Plaintiff alleges that by attaching the affidavit containing this statement to the complaint, Defendant violated the FDCPA by:

---

4. Defendant also argues that, to the extent it is immune from suit for statements made in the course of litigation pursuant to the First Amendment, it is also immune from suit un-

der the petition and speech clauses of the Ohio Constitution. Having rejected Defendant's First Amendment immunity argument, the Court also rejects this argument.

(1) falsely representing the character, amount or legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A);

(2) falsely representing the services rendered or compensation which may be lawfully received in connection with the collection of the debt in violation of 15 U.S.C. § 1692e(2)(B);

(3) threatening to take action that cannot be legally taken in violation of 15 U.S.C. § 1692e(5);

(4) attempting to collect an amount in excess of what is lawfully owed in violation of 15 U.S.C. § 1692f(1); and

(5) generally utilizing false and deceptive means to collect or to attempt to collect a debt in violation of 15 U.S.C. § 1692e(10).

Compl. ¶ 10. Plaintiff later filed a notice of intent to also rely on 15 U.S.C. § 1692d. (Record at 14).

The Court finds that Defendant is entitled to summary judgment on Plaintiff's claims brought under 15 U.S.C. §§ 1692e(2)(A), 1692e(2)(B), 1692d and 1692f(1). However, the Court finds that Plaintiff is entitled to summary judgment on the issue of liability with respect to the FDCPA claims brought under 15 U.S.C. §§ 1692e(5) and 1692e(10).

### i) 15 U.S.C. §§ 1692e(2)(A) and (B)

Section 1692e(2)(A) prohibits debt collectors from falsely representing "the character, amount or legal status of any debt." Section 1692e(2)(B) prohibits debt collectors from falsely representing "compensation which may be lawfully received by any debt collector for the collection of a debt." Plaintiff alleges that Defendant violated these provisions by attaching Vick's affidavit, asserting a possible entitlement to attorney fees, to the complaint. The Court disagrees. While the "least sophisticated consumer" may find Defendant's conduct deceptive and misleading, there is no evidence to support a finding that Defendant made any *false* representations concerning "the character, amount, or legal status" of Plaintiff's debt, or that Defendant made any *false* representations concerning compensation it could lawfully receive in connection with the collection of the debt.

Edward Connolly, an Agency Auditor for Direct Merchants, stated, "[w]e do not seek to recover attorney fees in Ohio in connection with our consumer credit card claims, as it is our understanding that attorney fees are not recoverable under Ohio law in connection with consumer transactions." (Connolly Decl. ¶ 8). It is undisputed that the complaint Defendant filed in state court did not seek attorney fees. Direct Merchants sought to recover the exact balance due on Plaintiff's credit card, plus interest and costs.

Furthermore, Vick's affidavit, attached to the complaint, contains no false representations concerning the character, amount, or legal status of the debt. It correctly lists the balance on Plaintiff's credit card account as $2,040.98, and accurately recites the terms of the cardmember agreement. Plaintiff did agree that, upon default, she would pay Direct Merchant's "court costs, reasonable attorney fees and other collection costs related to the default to the extent permitted by applicable law." (Ex. 1 to Connolly Decl.). Neither the complaint nor the affidavit asserts an absolute entitlement to attorney fees, or contains any false statements about the amount owed. Under these circumstances, the Court finds that Defendant is entitled to judgment as a matter of law on the alleged violations of 15 U.S.C. §§ 1692e(2)(A) and (B).

### ii) 15 U.S.C. § 1692d

On February 16, 2005, Plaintiff filed a notice of intent to rely on 15 U.S.C. § 1692d as an additional basis for her

claim. That subsection prohibits debt collectors from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Neither Plaintiff's complaint nor her notice of intent to rely on additional authority contains any factual allegations to support a finding that Defendant violated § 1692d. Plaintiff appears to argue that Defendant violated § 1692d simply by attaching the affidavit to the complaint.

While Defendant's conduct violates other subsections of the FDCPA, it does not violate § 1692d. The statute lists several examples of "conduct the natural consequence of which is to harass, oppress, or abuse," including the use of violence or threats of violence, the use of obscene or profane language, the publishing of a list of debtors who have refused to pay a debt, the advertising for sale of a debt in order to coerce payment, and the making of harassing telephone calls. *Id.* In this case, all Defendant is accused of doing is attaching an affidavit reciting the terms of the cardmember agreement to the complaint. This conduct is actionable under other subsections of the FDCPA, but it clearly falls outside the scope of the kinds of activities prohibited by § 1692d. Defendant is therefore entitled to summary judgment on this claim.

### iii) 15 U.S.C. § 1692f(1)

Plaintiff also alleges that Defendant violated 15 U.S.C. § 1692f(1) "by attempting to collect an amount in excess of what is lawfully owed," *i.e.*, attorney fees. (Compl.¶ 10). Section 1692f(1) prohibits debt collectors from collecting "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

The Court finds that Defendant is entitled to summary judgment on this claim as well. There is absolutely no evidence that Defendant ever attempted to collect attorney fees from Plaintiff. It is undisputed that the complaint does not include attorney fees in its prayer for relief, and Plaintiff has not alleged that Defendant made any other effort to collect attorney fees from her. Again, the alleged wrongdoing stems solely from the fact that Defendant attached Vick's affidavit to the complaint. However, Vick's recitation of the terms of the cardmember agreement concerning Direct Merchants' possible entitlement to attorney fees, does not constitute an attempt by Defendant to collect any such fees.

### iv) 15 U.S.C. §§ 1692e(5) and 1692e(10)

Section 1692e(5) prohibits debt collectors from threatening "to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Section 1692e(10) prohibits debt collectors from using "any ... deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10). Plaintiff alleges that, by attaching Vick's affidavit to the complaint, Defendant violated both of these provisions. The Court agrees.

Defendant notes that it is undisputed that the complaint includes no request for attorney fees, and Defendant made no other attempts to recover attorney fees from Plaintiff. It is also undisputed that Vick's affidavit simply recites the terms of the cardmember agreement. Plaintiff did agree that, upon default, she would pay Direct Merchants' "court costs, reasonable attorney fees and other collection costs related to the default to the extent permitted by applicable law." Defendant argues that since applicable Ohio law does not permit the recovery of attorney fees, and no attorney fees were sought, there was no

harm in attaching Vick's affidavit to the complaint.

For several reasons, the Court rejects this argument as unduly simplistic. In the Court's view, the "least sophisticated consumer," reading the complaint in conjunction with the affidavit, would be confused about whether she might be held liable for Direct Merchants' attorney fees if she did not immediately pay the debt allegedly owed. Notably, the affidavit does not assert a right to recover attorney fees *"if* permitted by applicable law." Instead, it asserts a right to recover attorney fees *"to the extent* permitted by applicable law." A consumer would not necessarily interpret this statement to mean that attorney fees may not be recoverable *at all* in some jurisdictions. A consumer could just as easily interpret this language to mean only that there might be a cap on the *amount* of attorney fees that Direct Merchants could recover, or that a judge would later decide to what extent Plaintiff would be indebted to Defendant for attorney fees.

Even if the agreement provided for the recovery of attorney fees only *"if* permitted by applicable law," this would not completely cure the problem. The "least sophisticated consumer" obviously would not know whether "applicable law" permitted the recovery of attorney fees. That person should not be expected to research the law, or to hire an attorney, to find out whether the creditor could legally collect attorney fees in that particular jurisdiction. Furthermore, the "least sophisticated consumer" would not know that a failure to include a request for attorney fees in the prayer for relief might preclude Direct Merchants from recovering attorney fees once the litigation had concluded.

The Court therefore finds that the "least sophisticated consumer," reading the affidavit in conjunction with the complaint, would be confused, and reasonably might feel pressured to immediately pay the debt, even if she disputed its validity, in order to avoid the possibility of having to also pay Direct Merchants' attorney fees at some later date. Because the "least sophisticated consumer" could interpret Vick's affidavit as a threat to collect attorney fees, an action that clearly "cannot legally be taken," the Court concludes that Defendant's conduct violated 15 U.S.C. § 1692e(5). For the same reasons, the Court finds that Defendant used "deceptive means" to attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

As Defendant notes, Direct Merchants likely refers to the "attorney fees" provision of the cardmember agreement in its boilerplate affidavit because there are jurisdictions in which Direct Merchants does business where creditors *are* permitted to recover attorney fees in connection with consumer debts. However, as discussed above, the "least sophisticated consumer" does not know, and should not be expected to know, whether attorney fees are recoverable in her jurisdiction. In those jurisdictions where attorney fees are recoverable, Direct Merchants would, presumably, also include a claim for attorney fees in its prayer for relief. In that situation, it would be acceptable to attach the boilerplate affidavit, with its reference to attorney fees, to the complaint. The two documents can be read together without creating any confusion about the extent of the consumer's potential liability. However, in those jurisdictions in which attorney fees are not recoverable, like Ohio, the affidavit's reference to attorney fees is misleading and leaves the consumer to wonder about the nature and extent of her potential liability. In those jurisdictions, Defendant should attach a modified version of the affidavit, deleting all references to attorney fees to eliminate all possibility of confusion.

While neither party has cited any authority directly on point, and the Court has been unable to find any, two of the cases cited by Plaintiff are instructive, even though they are factually distinguishable. In *Van Westrienen v. Americontinental Collection Corp.*, 94 F.Supp.2d 1087 (D.Or. 2000), the court granted plaintiffs' motion for summary judgment with respect to a claimed violation of 15 U.S.C. § 1692e(10), which forbids the "use of any false representation or deceptive means to collect or attempt to collect any debt." Fischer, the debt collector in that case, had threatened to collect attorney fees if the debtor challenged the debt. The court noted:

Even though Fischer's statement is technically not false or deceptive, plaintiffs nevertheless are entitled to summary judgment. Had Fischer been entirely forthright, he would have explained that under the FDCPA he could collect attorney fees only if: (1) plaintiffs contested defendants' debt collection methods by filing a lawsuit under the FDCPA; and (2) a court determined that plaintiffs' suit was "frivolous." In other words, Fischer was able to collect attorney fees, but only after a specific series of events had transpired. A "least sophisticated debtor," however, would interpret Fischer's statement as implying that attorney fees were a very real and immediate consequence for any refusal or delay in paying the debt.

*Id.* at 1106.

In the instant case, Defendant did not "technically" seek to collect attorney fees from Plaintiff. Nevertheless, the "least sophisticated consumer," reading Vick's affidavit in conjunction with the complaint, might reasonably believe that "attorney fees were a very real and immediate consequence for any refusal or delay in paying the debt," even though they were not recoverable under Ohio law. In that respect,

Defendant did engage in deceptive means to attempt to collect the debt.

In *McDowall v. Leschack & Grodensky, PC*, 279 F.Supp.2d 197 (S.D.N.Y.2003), a debt collector sent a letter to the debtor stating that the balance due on a credit card account was "$2,942.27 plus interest and attorney's fees." An asterisk following this statement indicted that "pursuant to your credit card agreement, you agreed, to the extent permitted by law, to pay all reasonable attorney's fees." The court found that the debt collector had violated the FDCPA because the notice of claim did not make it clear that the debtor owed no attorney fees at that time. *Id.* at 200. The court concluded, "[i]n all, defendants' letter could confuse the least sophisticated consumer by not stating a sum certain that is owed as of a particular date. Even worse, it could unlawfully scare the consumer by making her believe she owes a sum well beyond what is actually owed." *Id.*

While the instant case is obviously factually distinguishable, the end result is the same. It is undisputed that Direct Merchants was not entitled to recover attorney fees under Ohio law, and did not include a claim for attorney fees in its prayer for relief. Defendant nevertheless attached Vick's affidavit, referring to a potential for the collection of attorney fees, to the complaint. The Court concludes, as a matter of law, that the "least sophisticated consumer" would be confused by this. Defendant's conduct could "unlawfully scare" the consumer by making her believe that, if she did not immediately pay her credit card bill, she could be held liable for substantial attorney fees in addition to the relief sought in the complaint.

For these reasons, the Court concludes that Plaintiff is entitled to summary judgment as a matter of law on the issue of liability with respect to the alleged viola-

tions of 15 U.S.C. § 1692e(5) and 15 U.S.C. § 1692e(10). The Court accordingly denies Defendant's motion for summary judgment with respect to these claims.

### 2. OCSPA

■ Plaintiff's complaint also alleges that Defendant's conduct constitutes an unfair and deceptive consumer sales practice in violation of the OCSPA. Both parties have moved for summary judgment on this claim. The OCSPA states that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction." Ohio Revised Code § 1345.02(A). A "supplier" is defined as "a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer." Ohio Revised Code § 1345.01(C). A "consumer transaction" is defined as "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things." Ohio Revised Code § 1345.01(A). The definition of a "consumer transaction," however, specifically excludes transactions between financial institutions, as defined in Ohio Revised Code § 5725.01, and their customers. *Id.*

■ Plaintiff concedes that Direct Merchants is a financial institution, but argues that Defendant can nevertheless be held liable under the OCSPA as a "supplier." The Court disagrees. It is true that debt collectors may, in some instances, be liable as "suppliers" for violations of the OCSPA. However, unless the collection action is associated with an underlying "consumer transaction," there can be no violation of the OCSPA. *See Lamb v. Javitch, Block*

& *Rathbone, LLP*, No. 1:04–cv–520 (S.D.Ohio Jan. 24, 2005)(attached to Def.'s Notice of Supp. Auth.). Here, because the underlying contract between Plaintiff and Direct Merchants falls outside the scope of a "consumer transaction," Defendant's collection efforts in connection with that debt fall outside the purview of the OCSPA. Defendant is therefore entitled to summary judgment as a matter of law on Plaintiff's OCSPA claim.[5]

### IV. Plaintiff's Motion for an Extension of Time to File a Motion for Class Certification

Plaintiff's unopposed motion for an extension of time to file a motion for class certification is granted.

### V. Conclusion

For the reasons set forth above, Defendant's motion for summary judgment (Record at 4), and Plaintiff's motion for partial summary judgment on the issue of liability (Record at 29) are **GRANTED IN PART and DENIED IN PART**. Defendant is entitled to summary judgment on Plaintiff's OCSPA claim, and on Plaintiff's FDCPA claims alleging violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(2)(B), 1692d and 1692f(1). However, Plaintiff is entitled to summary judgment on the issue of liability with respect to the FDCPA claims alleging violations of 15 U.S.C. §§ 1692e(5) and 1692e(10).

Plaintiff's motion for an extension of time within which to file a motion for class certification (Record at 18) is **GRANTED**. Plaintiff shall file that motion within sixty (60) days of the date of this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

---

**5.** Because the Court has granted summary judgment on this basis, it need not address

Defendant's alternative argument that attorneys are immune from suit under the OCSPA.

## MEMORANDUM OPINION & ORDER

On November 30, 2005, this Court issued an Order granting in part and denying in part cross-motions for summary judgment. This matter is currently before the Court on Defendant's motion for certification of an interlocutory appeal (Record at 35), Defendant's motion to stay further proceedings pending the outcome of the appeal (Record at 36), and Defendant's motion for reconsideration and motion to strike class allegations (Record at 41). For the reasons set forth below, the Court denies the motion for reconsideration and motion to strike the class allegations, but certifies the question for interlocutory appeal and stays all further proceedings pending the outcome of that appeal.

### I. Procedural History

Plaintiff filed suit, on behalf of herself and others similarly situated, alleging that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") and the Ohio Consumer Sales Practices Act ("OCSPA") when it filed suit against her in state court, seeking to collect money she owed to Direct Merchants Credit Card Bank. Ohio law does not permit the collection of attorney fees in connection with claims involving consumer debt. Although the complaint filed in state court did not include a claim for attorney fees in its prayer for relief, Defendant attached to that complaint an affidavit, executed by an agent of Direct Merchants, stating that, pursuant to the terms of the cardholder agreement, Direct Merchants was "entitled to recover, to the extent permitted by applicable law, its reasonable attorney's fees and costs incurred in any action to enforce its rights under the agreement." Plaintiff contends that by attaching that affidavit, asserting a possible entitlement to attorney fees, to the complaint, Defendant engaged in deceptive debt collection practices in violation of federal and state law.

In its November 30, 2005 Memorandum Opinion and Order, the Court granted in part and denied in part cross-motions for summary judgment. The Court granted summary judgment in favor of Defendant with respect to the OCSPA claim. With respect to the alleged violations of the FDCPA, the Court held that Defendant was entitled to summary judgment in connection with the alleged violations of 15 U.S.C. §§ 1692e(2)(A) and (B), 1692d and 1692f(1). However, the Court held that Plaintiff was entitled to summary judgment in connection with the alleged violations of 15 U.S.C. §§ 1692e(5) and 1692e(10), and that Defendant was not immune from liability on any of the theories alleged, i.e., litigation privilege, First Amendment, and the doctrine of witness immunity. The Court gave Plaintiff sixty days to file her motion for class certification.

Pursuant to the collateral order exception to the final judgment rule, Defendant filed an appeal, as of right, from the Court's denial of its claim of immunity. Pursuant to 28 U.S.C. § 1292(b), Defendant urges the Court to certify for interlocutory appeal the additional issue of whether Defendant's conduct violated 15 U.S.C. §§ 1692e(5) and 1692e(10). Defendant contends that considerable time and expense could be saved by allowing the Sixth Circuit to review the issues of immunity and liability at the same time. Defendant seeks a stay of these proceedings pending the outcome of that appeal.

On December 8, 2005, Defendant also moved for reconsideration of that portion of the Court's November 30, 2005 Memorandum and Order that granted Plaintiff's motion for an extension of time to file her motion for class certification, and gave Plaintiff 60 days from the date of the Order to do so. Defendant urges the

Court to strike the class allegations from the complaint.

## II. Motion for Reconsideration/Motion to Strike Class Allegations

Motions for class certification must be filed within 120 days of the filing of the complaint. *See* S.D. Ohio Civ. R. 23.3. The complaint in this case was filed on November 23, 2004. On March 11, 2005, before the 120–day period expired, Plaintiff moved the Court for an extension of time to file her motion for class certification, through June 21, 2005. She noted that she had not yet conducted any discovery on the class certification issue because Defendant had objected to Magistrate Judge Kemp's February 11, 2005 order granting Plaintiff time to conduct limited discovery before responding to Defendant's pending motion to dismiss or, in the alternative, motion for summary judgment. On March 22, 2005, the parties entered into an agreed order staying all discovery pending resolution of the objections.

On August 11, 2005, the Court overruled Defendant's objections to Magistrate Judge Kemp's order and lifted the stay. The Court gave Plaintiff until September 30, 2005 to complete limited discovery and file a response to the pending motion for summary judgment. After that motion was fully briefed, Plaintiff filed a motion for summary judgment on the issue of liability. On November 30, 2005, the Court granted in part and denied in part both motions for summary judgment. The Court also granted Plaintiff's motion for an extension of time to file her motion for class certification was still pending, and gave Plaintiff 60 days to file her motion.

On December 8, 2005, Defendant filed a motion for reconsideration and motion to strike the class allegations in Plaintiff's complaint. Motions for reconsideration are granted only in four limited circumstances: (1) to accommodate an in- tervening change in controlling law; (2) to account for newly discovered evidence; (3) to correct a clear error of law; or (4) to prevent manifest injustice. *See GenCorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir.1999). Defendant contends that reconsideration of the November 30, 2005 Memorandum Opinion and Order is necessary to account for newly discovered evidence, to correct a clear error of law, and to prevent manifest injustice.

Defendant notes that Plaintiff requested an extension of time only through June 21, 2005 to file her motion for class certification, and did not request any additional extensions. Defendant claims that Plaintiff waived her right to seek any additional extensions, and implies that the Court therefore erred in granting Plaintiff's request. The Court does not agree. When Plaintiff filed her motion for an extension of time on March 11, 2005, this tolled the deadline. Unfortunately, the Court did not rule on Plaintiff's motion until November 30, 2005, well beyond the original extension requested. In any event, Plaintiff cannot be faulted for failing to request additional extensions of time while her original motion was still pending.

Defendant also claims that reconsideration is necessary to prevent manifest injustice, and is appropriate based on newly discovered evidence. Defendant attached to its motion an e-mail from Plaintiff's counsel dated December 7, 2005, sent in response to a request to schedule Plaintiff's deposition. In that e-mail, Plaintiff's counsel disclosed for the first time that Plaintiff is currently undergoing hospice care for a terminal illness, making it very difficult for her to be disposed. (Ex. 1 to Mot. to Strike). Defendant subsequently offered to settle Plaintiff's individual claim and dismiss its appeal if Plaintiff agreed to abandon her class claims, but Plaintiff's

counsel rejected that offer. (Ex. 2 to Mot. to Strike). According to Defendant, under the circumstances presented here, Plaintiff is not an adequate representative of the proposed class, and it would be inconsistent with her interests to maintain the litigation as a class action. Based on these recent developments, Defendant urges the Court to reconsider its November 30, 2005 Order and strike the class allegations from Plaintiff's complaint.

Defendant's arguments are premature. Whether Plaintiff can adequately represent the interests of the putative class members is not currently at issue. This question can be addressed in connection with Plaintiff's motion for class certification once it is filed. Plaintiff's potential inability to act as lead plaintiff for the putative class is not, at this stage of the litigation, grounds for reconsidering the Court's previous Order, or for striking the class allegations from the complaint. Defendant's motion for reconsideration, and its motion to strike the class allegations from Plaintiff's complaint, are therefore denied.

### III. Motion to Certify Interlocutory Appeal, and Motion to Stay

■■■ Defendant has already filed a Notice of Appeal, pursuant to the collateral order doctrine, with respect to that portion of the Court's November 30, 2005 Memorandum Opinion and Order that denied Defendant's motion to dismiss on grounds of immunity. Defendant now seeks to expand the scope of that appeal so that the Sixth Circuit can review not only the immunity issue, but also the question of whether this Court erred in holding that Defendant violated portions of the FDCPA by attaching the affidavit, referring to a possible entitlement to attorney fees, to the complaint. The Sixth Circuit will not consider the FDCPA liability issue unless this Court first certifies it for interlocutory appeal.

■■■ The procedures governing interlocutory appeals are set forth in 28 U.S.C. § 1292(b). That statute provides:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order *involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation,* he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b)(emphasis added). Interlocutory appeals are "granted sparingly and only in exceptional cases." *In re City of Memphis,* 293 F.3d 345, 350 (6th Cir. 2002).

Nevertheless, if the statutory requirements for an interlocutory appeal have been met, appellate courts have often agreed to expand the scope of appellate review, deciding issues in addition to those immediately appealable under the collateral order doctrine. *See* 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3929.1 (2d ed.1996)(noting that § 1292(b) is sometimes used to "expand the potential scope of an appeal taken on a collateral-order or similar theory"). *See also Palmer v. Sanderson,* 9 F.3d 1433, 1434 (9th Cir.1993); *In re City of Philadelphia Litigation,* 49 F.3d 945, 956 (3d Cir.1995).

The Court finds that certification of the interlocutory appeal is appropriate in this case. The relevant facts are undisputed. The question at issue—whether Defendant's conduct violated 15 U.S.C. §§ 1692e(5) and 1692e(10)—involves a question of law. The Sixth Circuit has held that "[a] legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d at 351. Here, if the Sixth Circuit found that Defendant's conduct did not constitute a violation of the FDCPA, the outcome of the case is clearly affected. The question at issue also involves a question as to which there is a substantial ground for difference of opinion. Courts have interpreted this requirement to include those questions which are novel, or involve matters of first impression, and those questions as to which there is conflicting authority. *See Eagan v. CSX Transp., Inc.*, 294 F.Supp.2d 911, 916 (E.D.Mich.2003). As the Court noted in its November 30, 2005 Order, there is little, if any, case law governing this particular set of facts. Because it appears to be a matter of first impression, there is a substantial ground for a difference of opinion.[1]

The Court also finds that an immediate appeal from the Order may materially advance the ultimate termination of the litigation. This Court has already determined that Defendant is liable for violations of two provisions of the FDCPA. With liability already established, the next step in the district court litigation is to determine whether class certification is warranted. As Defendant notes, the costs associated with related discovery and class notification and administration are substantial. Before the parties and the Court invest time and resources to the class certification issue, it makes sense, at this juncture, for the Sixth Circuit to have the opportunity to decide whether Defendant did, in fact, violate the FDCPA.

In a separate motion, Defendant urges the Court to stay all proceedings pending the outcome of the appeal. For the same reasons set forth above, the Court grants Defendant's motion to stay, and vacates the deadline for Plaintiff to file her motion for class certification.

## IV. Conclusion

The Court **DENIES** Defendant's motion for reconsideration and motion to strike class allegations (Record at 41). However, the Court **GRANTS** Defendant's motion for certification of an interlocutory appeal (Record at 35), and Defendant's motion to stay further proceedings pending the outcome of the appeal (Record at 36).

**IT IS SO ORDERED.**

---

1. Plaintiff notes that Judge Beckwith, in *Kelly v. Great Seneca Financial Corp.*, Case No. 1:04–cv–615, 2005 WL 2372851 (S.D.Ohio 2005), denied a motion to certify an interlocutory appeal in an FDCPA case. That case, however, is distinguishable. The issue was whether the FDCPA applies to lawyers in litigation. As Judge Beckwith noted, the Supreme Court, in *Heintz v. Jenkins*, 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995), already decided that it does. Therefore, there was no "substantial ground for difference of opinion."

Plaintiff also cites to *Todd v. Weltman, Weinberg & Reis Co.*, 348 F.Supp.2d 903 (S.D.Ohio2004), in which Judge Dlott summarily denied Defendant's motion for certification of an interlocutory appeal. However, the issues in that case are also factually distinguishable.